## J. G. DITMAN v. B. F. RAULE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued April 7, 1890—Decided May 5, 1890.

Where the claimant of property seized under an execution is defeated in
a sheriff's interpleader thereon, and, pending an appeal to the Supreme
Court from the judgment, is sued upon his interpleader bond, and, to
avoid judgment in the latter action, pays the claim of the creditor and
takes an assignment of the judgment on which the execution issued,
such payment is voluntary and cannot be recovered back on the reversal
of the judgment in the sheriff's interpleader.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS and
MITCHELL, JJ.

No. 302 January Term 1890, Sup. Ct.; court below, No. 117
March Term 1889, C. P. No. 3.

On April 10, 1889, Joseph G. Ditman brought assumpsit
against B. Frank Raule. Issue.

At the trial on October 29, 1889, the jury returned a special
verdict finding the following facts:

" That a judgment was obtained by B. Frank Raule against
G. W. Drumeller, on November 20, 1886.

" That the same day an execution was issued, and certain
personal property levied upon, which was claimed by Joseph
G. Ditman, and on that claim an interpleader was framed be-
tween said Raule and Ditman, in which judgment was rendered
June 16, 1887, to which a writ of error was brought into the
office of the prothonotary, July 18, 1887.

" That on September 17, 1887, a suit was brought by the said
Raule against said Ditman on his bond in the interpleader pro-
ceedings, and on September 23, 1887, a statement of plaintiff's
claim was filed in said suit, pending the said suit on said inter-
pleader bond.

" That on October 6, 1887, Ditman paid to said Raule the
sum of $132.97, being the amount of said judgment of said
Raule against Drumeller, interest and costs.

" That on February 18, 1889, the Supreme Court reversed the judgment in the said interpleader proceedings, and awarded a venire facias de novo.    [See Ditman v. Raule, 124 Pa. 225.]

" At the time of the payment of the said sum of $132.97, on October 6, 1887, the said Raule gave orders to mark said judgment in C. P. No. 3 September Term 1886, No. 178, and C. P. No. 2 June Term 1887, No. 326, to the use of said Ditman.

" It is further agreed, that the judgment note given by Drumeller, entered in C. P. No. 3 September 1886, No. 178, on December 28, 1886, was made for the same cause of action as the promissory note made by Fitzgerald, dated June 1, 1886, for $100, on which suit was brought in C. P. No. 2 June Term 1887, No. 326, and Ditman was given an order to mark the said case against Fitzgerald, to the use of said Ditman.    The note was handed to Ditman.    Ditman still retains the order to mark the judgment against Drumeller, to the use of said Ditman, the order to mark the feigned issue proceedings settled and ended, the order to mark the suit on the bond discontinued, and still retains the said Fitzgerald note."

On October 31, 1889, the plaintiff moved for judgment on the special verdict in his favor for $132.97, with interest from October 6, 1887; and on November 4th, the defendant moved for judgment for defendant on the special verdict.    On December 10, 1889, after argument before the court in banc, the plaintiff's motion was refused, and judgment was entered in favor of the defendant.    Thereupon the plaintiff took this appeal, specifying that the court erred in refusing judgment for the plaintiff on the special verdict, and in entering judgment for the defendant.

*Mr. Charles L. Smyth*, for the appellant.

That the cause of action accrued on the reversal of the original judgment, counsel cited: Kennedy v. Hughey, 3 W. 268; Travelers' Ins. Co. v. Heath, 95 Pa. 333; Duncan v. Kirkpatrick, 13 S. & R. 292; Ranck v. Becker, 13 S. & R. 41; Cassel v. Duncan, 2 S. & R. 56; Bank of U. S. v. Bank of Washington, 6 Pet. 6; Scholey v. Halsey, 72 N. Y. 578; Breading v. Blocher, 29 Pa. 347.    That the payment was involuntary: Lehigh Coal & Nav. Co. v. Brown, 100 Pa. 338; Astley v. Richards, 2 Str. 916; Hospital v. Philadelphia Co., 24 Pa. 231; White v. Heylman, 34 Pa. 142.

Statement of Facts.

*Mr. William Henry Peace* and *Mr. Theodore F. Jenkins*, for the appellee, were not heard.

In the brief filed, counsel cited: Natcher v. Natcher, 47 Pa. 496; Rogers v. Bank, 12 S. & R. 77; Edgar v. Shields, 1 Gr. 361; McCrickart v. Pittsburgh, 88 Pa. 133; Carson v. McFarland, 2 R. 118; Espy v. Allison, 9 W. 463; Boas v. Updegrove, 5 Pa. 516; Real Estate Sav. Inst. v. Linder, 74 Pa. 371; Finnel v. Brew, 81 Pa. 362; Diechman v. Bank, 1 R. 54; Speise v. McCoy, 6 W. & S. 485; Lackey v. Mercer Co., 9 Pa. 318; Union Ins. Co. v. Allegheny City, 101 Pa. 250; Deal v. Martin, 1 Phila. 500.

PER CURIAM:

The payment made by the plaintiff to the defendant was clearly voluntary. There was no legal duress. It follows that it cannot be recovered back.

Judgment affirmed.

———————

# H. G. RIGHTER ET AL. v. W. E. FARREL ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 8, 1890—Decided May 5, 1890.

Where an agreement is executed whereby a debtor transfers to his creditors all his assets and business interests, and is employed by them at a salary to manage the business for them, the creditors thereby become copartners in the business, although the agreement provides expressly that they shall not be involved in any partnership liability therein.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 199 January Term 1890, Sup. Ct.; court below, No. 300 September Term 1887, C. P. No. 1.

On October 14, 1887, Henry G. Righter and George Gibson, trading as Righter & Gibson, to use of J. L. Shoemaker and